UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 PROCEEDING |
| JELENA DORDEVIC, | ) | |
| | ) | |
| DEBTOR. | ) | CASE NO. 20 B 9807 |
| | ) | |
| | ) | |
| PATRICK S. LAYNG, | ) | ADVERSARY NO. 21 AP 32 |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE DONALD R. CASSLING |
| | ) | |
| vs. | ) | |
| | ) | |
| JELENA DORDEVIC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## **NOTICE OF MOTION**

TO: See attached list

PLEASE TAKE NOTICE that on **Tuesday, January 11, 2022, at 9:30 a.m.**, I will appear before the Honorable Donald R. Cassling, or any judge sitting in that judge's place, and present the **Motion of the United States Trustee to Dismiss Adversary Proceeding, or, in the Alternative, Stay Deadlines Set in Pretrial Order**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 414 7941 and the password is 619. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

*/s/ Jeffrey S. Snell*
Jeffrey S. Snell, Trial Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois   60604
Telephone: (312) 886-0890

## CERTIFICATE OF SERVICE

I, Jeffrey S. Snell, an attorney, state that on January 4, 2022, pursuant to Local Rule 9013-1(D) the **Notice of Motion** and **Motion of the United States Trustee to Dismiss Adversary Proceeding, or, in the Alternative, Stay Deadlines Set in Pretrial Order** was filed and served on all parties, either via the Court's Electronic Notice for Registrants or via U.S. First Class Mail, as indicated below.

*/s/ Jeffrey S. Snell*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice For Registrants:**

- **Anthony J Peraica**   peraicalaw@aol.com, cwinans@peraica.com

**Parties Served via First Class Mail:**

| Jelena Dordevic<br>11146 Indian Woods Drive<br>Unit 32A<br>Indian Head Park, IL   60525 | Gus A Paloian<br>233 S. Wacker Drive<br>Suite 8000<br>Chicago, IL 60606 |
|---|---|

**Other:**

- **Stephen Boulton**[1]   SBoulton@peraica.com

---

[1] Mr. Bouton's appearance in this case (Dkt. 5) was filed through Anthony Peraica's ECF account, and, as a result, his individual email does not appear on the system-generated service list. The U.S. Trustee has previously made Mr. Boulton aware of the issue. A copy of this motion was sent to SBoulton@peraica.com.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 PROCEEDING |
| JELENA DORDEVIC, | ) | |
| | ) | |
| DEBTOR. | ) | CASE NO. 20 B 9807 |
| _____ | ) | |
| | ) | |
| PATRICK S. LAYNG, | ) | ADVERSARY NO. 21 AP 32 |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE DONALD R. CASSLING |
| | ) | |
| vs. | ) | |
| | ) | |
| JELENA DORDEVIC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS ADVERSARY
PROCEEDING, OR, IN THE ALTERNATIVE,
STAY DEADLINES SET IN PRETRIAL ORDER**

Now comes Plaintiff, Patrick S. Layng, the United States Trustee for the Northern District

of Illinois, by and through his attorney, Jeffrey S. Snell, and for his Motion to Dismiss Adversary

Proceeding, or, in the Alternative, Stay Deadlines Set in Pretrial Order, respectfully states to the

Court as follows:

1.      This adversary proceeding was commenced with the filing of Plaintiff's complaint

objecting to defendant Jelena Dordevic's bankruptcy discharge on February 23, 2021.

2.      Defendant Jelena Dordevic filed her answer to the complaint and the matter was

thereafter set for trial to commence January 12, 2022.

3.      On September 8, 2021, the Court entered its Pretrial Order For Video Trial (the "Pretrial Order") [Dkt. 11] setting certain deadlines, including:

    a.  A joint pretrial statement to be filed by January 4, 2022;

    b.  Exhibits in printed and electronic form to be delivered to the Court by January 4, 2022; and

    c.  Exhibit and witness lists to be filed by January 4, 2022.

4.      On January 3, 2021, Plaintiff was informed that Defendant desired to waive any right she might have to a bankruptcy discharge under 11 U.S.C. § 727(a)(10), the effect of which would be to render moot the relief sought in the U.S. Trustee's complaint. After receiving Defendant's signed waiver from her counsel, the U.S. Trustee filed a motion requesting approval of the waiver in Bankruptcy Case No. 20-9807 that is set for presentment on January 11, 2022, at 9:30 AM.

5.      Rule 41(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7041, provides that an action that has been answered can be dismissed on a plaintiff's request on such terms that the court deems proper. Rule 7041 provides that dismissal of an adversary proceeding objecting to discharge requires "notice to the trustee, the United States trustee, and such other persons as the court may direct…"

6.      If Defendant's waiver of discharge is approved on January 11, 2022, the U.S. Trustee requests that the above-captioned adversary proceeding be dismissed or otherwise concluded as moot. The U.S. Trustee is providing notice of this motion to the Chapter 7 Trustee and Defendant, and submits that no additional parties require formal notice[2] of the motion because

---

[2] As a practical matter, creditors Siemens Financial, Newtek Small Business Finance, and CIT Bank are presently aware of the Defendant's waiver, as representatives of each of these entities are "may call"

there is no relief that can be achieved through the adversary complaint objecting to discharge that will not have already been achieved by an approved waiver of discharge.

7.      Should the Defendant's waiver of her discharge not be approved on January 11, 2022, for any reason *within the Defendant's control*,[3] the U.S. Trustee requests that the deadlines in the Pretrial Order for filing the joint pretrial statement, filing witness and exhibit lists, and submitting copies of exhibits to the Court be reset to January 11, 2022, so that the trial date of January 12, 2022, can be preserved.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order dismissing the above-captioned adversary proceeding as moot if the Debtor's waiver of discharge is approved in Bankruptcy Case No. 20-9807, or enter an order extending the deadlines for pretrial filings if the Debtor's waiver of discharge is not approved in Bankruptcy Case No. 20-9807, and providing any other and further relief as is just.

<div style="margin-left: 50%;">

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE
</div>

DATED: <u>January 4, 2022</u>          By:   <u>/s/ Jeffrey S. Snell</u>
                                              Jeffrey S. Snell, Attorney
                                              United States Department of Justice
                                              Office of the United States Trustee
                                              219 South Dearborn, Room 873
                                              Chicago, Illinois   60604
                                              Telephone: (202) 641-5037

---

witnesses for the scheduled trial and were notified by the U.S. Trustee, through their counsel, of the cancellation of the technical pretrial conference and the high likelihood that trial would not be going forward due to the waiver.

[3] The U.S. Trustee does not doubt Defendant's current intention to waive her discharge. However, given the 11th hour nature of Defendant's election, occurring only after the U.S. Trustee was substantially prepared for trial (a fact defendant was well aware of from being provided the U.S. Trustee's exhibits, exhibit and witness lists, theories of claims, and proposed stipulated facts over the course of the preceding weeks), the U.S. Trustee will likely not be agree to a continuance request by Defendant if she changes her mind about waiving her discharge.

Email: Jeffrey.Snell@usdoj.gov